# UNITED STATES DISTRICT COURT
## BOSTON DISTRICT OF MASSACHUsetts

Fernando Campana (PRo-se)
A# 44-449-521 PetitioNeR

V.

JohN AshcRoft, AttoRNey GeNeRAl
, I.N.S COMMiSSioNeR
IMMigRation ANd NatuRALizAtioN
SeRvice, ANd steveN FARgVhaRSoN,
DHS DistRict DiRectoR FoR the
BostoN DistRict office
RespoNdeNt

CIV. No 04-11443
A.D.N 04-1864

Petition for a
WRit of Habeas
CoRPuS

PetitioN FoR A WRit oF HABeAs CoRPuS
PuRSuANt to 28 U.S.C. § 2241

PetitioNeR FeRNaNdo CamPaNa, heRedY PetitioNs
this couRt FoR a WRit of habeas coRPuS to
Remedy petitioNeR's UNLawFul deteNtioN by
RespoNdeNts. IN SuPPoRt oF this petitioN ANd
ComPlaiNt FoR INJuNctive ReLieF, PetitioNeR
ALLeges as FoLLows.

# CUSTODY

1. Petitioner is in the Physical custody of Respondents And the Immigration And Naturalization service D.H.S Petitioner is detained At Plymouth county Correctional Jacility, Sheriffs office in 26 Long Pond Road Plymouth, MA 02360. the D.H.S has contracted with Plymouth county Jaile to House Immigration detainees such Petitioner. Petitioner is uder the direct control of Respondents And their agents.

## JURISDICTION

this action arises under the constitution of the United States, And the Immigration And Nationality. Act (I.N.A) 8 U.S.C § 1101 et seq., as amended by the illegal Immigration Reform And Immigrant responsibility Act of 1996 ("IIRIRA") Pub, L. N. 104-208, 110 Stat. 1570, And the Administrative Rocedure Act ("APA"), 5 U.S.C. § 701 et sed

this court has Jurisdiction under 28 U.S.C § 2241; Art I § 9, CL. 2 of the United States constitution

("suspension clause"), and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the constitution, Law or Treaties of the United States. this court to 28 U.S.C § 2241, 5 U.S.C § 702, and the all writs Act, 28 USC § 1651 Petitioner has exhausted Any And ALL administrative Remedies to the extent Required by Law.

<u>Venue</u>

Venue lies in the District of MASSACHusetts because CAMPANA is currently detained at Plymouth county correctional Facility, 26 Long Pond Road Plymouth, MA 02360. Venue in the District of MASSACHusetts is also Proper because Petitioner is in the custody of Respondent Bruce chadbourne, Interim Field Office Director of thi District, which encompasses MASSACHuse tts. 28 U.S.C. § 1391

# PARTIES

Respondent John Ascroft is the Attorney General of the United States And is Responsible for the Administration of the D.H.S And Implementation and enforcement of Immigration and naturalization Act ("I.n.a") As such, Mr. Ashcroft has ultimate Custodial Outhority over Petitioner.

Respondent, Present I.N.S Commissioner is the Commissioner of the I.N.S He is Responsible for the Admnistration of the I.N.S and the implementation and en forcement of the I.N.A As such          is the Lega custodian of Petitioner.

Respondent Steven Farguharson is the District Director of the Boston District office of the D.H.S And is Petitioner's immediate custodian. See Vasquez V. Reno, 233 F. 3d 688, 960 (1st CIR 2000), cert. denied, 122 S. et. 43 (2001)

# CLAIM FOR RELIEF
## STATUTORY VIOLATION

Petitioner's continued detention by the Respondents violates I.N.A § 241 (a)(6), as interpreted in ZADVYDAS. Petitioner's six-month Presumptively reasonable Period for continued removal efforts Passed [insert] months ago. For the reasons outlined above in Petitioner's removal to ("Dominican Republica") is not reasonably Foreseeable

Person claiming to be citizen of the United States is guaranteed against deportation as Alien under the Fifth Amendment, and Where Person ordered deported insists he is a citizen, Writ of habeas corpus is available to determine his status, U.S.C.A. Const. Amends 5, 8.

# SUBSTANTIVE DUE PROCESS
## VIOLATION

Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. the Due Process Clause requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While the respondents would have a compelling government interest in detaining Petitioner in order to effect his deportation that interest does no exist if CAMPANA cannot be deported. the supreme court in ZADVYDAS thus interpreted INA § 241 to allow continued detention only for a period reasonably necessary to secure the Alien's removal because any other reading would go beyond the government's articulated interest -- to effect the Alien's removal.

# PROCEDURAL DUE PROCESS
## VIOLATION

Under the Due Process clause of the United States constitution, An Alien is entitled To a timely And meaningful opportunity To demonstrate that he should not be detained. The Petitioner in this case has been denied that opportunity As there is no Administrative mechanism in Place For the Petitioner to demand A decision, ensure that A decision will ever be made, or Appeal a custody decision that violates ZAdvydAs.

# PRAYER FOR RELIEF

Petitioner Prays that this court grant The Following relief:

1) ASSUME Jurisdiction over This MATTer;
2) Grant Petitioner a writ of habeas corpus directing The Respondents To immediately release The Petitioner From custody;
3) Order Respondents To refrain from Transferring The Petitioner out of The Jurisdiction of I.C.E Boston District Director during the Pendency of These Proceedings And while The Petitioner remains in Respondent's custody; And
4) Grant Any other And Further relief which This court deems Just And Proper.

I AFFIRM, under Penalty of PerJury, That The foregoing is True And correct.
RespectFully submitted This

DAY 9-16-04
Signature Campana Fernando

CAMPANA Fernando, PRO-se
PlymoUth coUTy correctional facility
26 Long Pond Road
PlymoUth, MA 02360
I.D. _____

# CERTIFICATE OF SERVICE

I CAMPANA hereby CERTIFY ThAT on 9-16-04
I CAUSED To be mailed A COPY OF
ThE Foregoing To:

Frank Crowley
SPecial ASSISTANT U.S. ATTorney
DePArTment OF HOMElANd SecuriTY
P.O. BOX 8728
JFK STATION
BoSTon, MASS 02114

by Placing A COPY in The MAil
AT The deTENTion FAciliTy where
I Am deTAined

July 5th, 2004


Sonia Thomas
72 Ortoleva Dr.
Prov., RI 02908
(401) 751-0958


To whom it concers;

    I Sonia Thomas, submit the following statement of fact I'm the legal mother of Fernando Campana. I was born <u>2/2/1950</u>, in <u>Dominican Republic</u>. I came to the U.S. on <u>7/25/89</u>. I met Joseph Campana in the Dominican Republic on <u>10/15/75</u>, Fernando Campana was born on <u>11/16/79</u>, in <u>Dominican Republic</u>.

    I attest that Joseph Campana was a U.S. citizen, and that he traveled to and from the U.S. and Dominican Republic between the years of <u>I don't remember</u> with a U.S passport. I know that he was gainfully employed in the U.S. and that he paid taxes. Furthermore, my son, Fernando received S.S.I. conpensation as a survivor when he came to the U.S. in 1994.

    I have provided this statement of facts to support the claim of derivative citizenship of my son. Fernando Campana, when is currently appealing deportation with a stay of removal. Thank you for your consideration.

Respectfully,

X _Sonia Thomas_

RI LIC # 9618076

_Joshua Is_
Notary Public.
my comexp 01/16/07

Date: <u>7/9/2004</u>

July 11, 2004


U.S. Court of Appeals for 1st Circuit
Courthouse Way, Suite 2500
Boston, MA  02110

To Whom It May Concern,

I, Manuel Martinez, submit the following affidavit to the Honorable Court.

My brother, Joseph Campana, came to United States in February 1967 at the age of 18 years old, from the Dominican Republic.

In 1979, my brother bore a son, Fernando Campana, while in the Dominican Republic. My brother passed away in 1986.  Fernando Campana entered the United States in 1994 and collected Survivor's Insurance from his fathers Social Security.

Fernando Campana, my nephew, has a right to derivative citizenship, since his father was a naturalized citizen, and Fernando came to the United States before his 18th birthday.

I immigrated to the United States in 1968, two years after my brother.

Respectfully yours,


Manuel Martinez



MY COMMISSION EXPIRES
MARCH 7, 2008

September 8, 2004


Jenny Thomas
72 Ortoleva Drive
Providence RI, 02909


    Hi I'm Fernando Campana sister Jenny Thomas, I'm 10 Year Old, I'm a student in Elementary School in Providence RI. I live with my mother and father, and the reason for this letter is that I will like my brother to come home, because he is my only brother that I have and I miss him so much and he help's me with my homework, and he is a nice brother to me. Thank You.

Sincerely; *Jenny Thomas*

*Nelson Tavarez*

NELSON R TAVAREZ
NOTARY PUBLIC
STATE OF RHODE ISLAND
#24695
MY COMMISSION EXPIRES 07/03/05

September 8, 2004

Margarita Adames
64 Hyat St. Third Floor
Providence RI, 02909

Hi I'm Fernando Campana girlfriend for six years, I know him sense High School we use to got the same school I know he is nice guy and a nice boyfriend, I know he did mistake in the past but I know that he realize that he could change and be a better man. The reason of this letter is that if Fernando comes out I would be responsible to help him out on his financial problems untill he finds a job. I will give him a house to stay and help him on everything he needs. Thank You.

Sincerely;

*[signature: Margarita Adames]*

*[signature: Nelson Tavarez]*

NELSON R TAVAREZ
NOTARY PUBLIC
STATE OF RHODE ISLAND
#24695
MY COMMISSION EXPIRES 07/03/05

**WORKERS MANIA, INC**                                                                79351

15226  MARGARITA A ADAMES          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        Single/0          Thank you for taking pride in your work.

| Check #: | 79351 | | | Check Date: | 8/27/2004 | | | | |
| From: | 8/15/2004 | | | To: | 8/21/2004 | | | | |

| Dept | Pay | Rate | Qty | Total | Taxes | This Pay | YTD | Deductions | This Pay | YTD | Benefits | This Pay | YTD |
|------|-----|------|-----|-------|-------|----------|-----|------------|----------|-----|----------|----------|-----|
| 1108 | Hourly | 8.50 | 28 | 238.00 | FIT | 21.28 | 264.50 | | | | | | |
| | | | | | FICA Me | 3.46 | 38.12 | | | | | | |
| | | | | | FICA SS | 14.76 | 162.98 | | | | | | |
| | | | | | RI SIT | 7.67 | 88.97 | | | | | | |
| | | | | | RI SDI | 3.57 | 39.43 | | | | | | |

| | Reimbursement | Gross Pay | Taxes | Deductions | Net Pay | Benefits |
|---|---------------|-----------|-------|------------|---------|----------|
| Total This Pay: | 0.00 | 238.00 | 50.74 | 0.00 | 187.26 | 0.00 |
| Total YTD: | 0.00 | 2,628.64 | 594.00 | 0.00 | 2,034.64 | 0.00 |

**WORKERS MANIA, INC**                                                                79351

15226  MARGARITA A ADAMES          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        Single/0          Thank you for taking pride in your work.

| Check #: | 79351 | | | Check Date: | 8/27/2004 | | | | |
| From: | 8/15/2004 | | | To: | 8/21/2004 | | | | |

| Dept | Pay | Rate | Qty | Total | Taxes | This Pay | YTD | Deductions | This Pay | YTD | Benefits | This Pay | YTD |
|------|-----|------|-----|-------|-------|----------|-----|------------|----------|-----|----------|----------|-----|
| 1108 | Hourly | 8.50 | 28 | 238.00 | FIT | 21.28 | 264.50 | | | | | | |
| | | | | | FICA Me | 3.46 | 38.12 | | | | | | |
| | | | | | FICA SS | 14.76 | 162.98 | | | | | | |
| | | | | | RI SIT | 7.67 | 88.97 | | | | | | |
| | | | | | RI SDI | 3.57 | 39.43 | | | | | | |

| | Reimbursement | Gross Pay | Taxes | Deductions | Net Pay | Benefits |
|---|---------------|-----------|-------|------------|---------|----------|
| Total This Pay: | 0.00 | 238.00 | 50.74 | 0.00 | 187.26 | 0.00 |
| Total YTD: | 0.00 | 2,628.64 | 594.00 | 0.00 | 2,034.64 | 0.00 |

September 8, 2004

Cristi Garcia
405 Prairie Ave
Providence RI, 02905

Hi I'm Fernando Campana cousin.  The reason of this letter is
that If Fernando comes out I would be responsible to help him out on
his financial problems untill he finds a job.  I live with my daughter
and I have a extra bed that he could sleep in, and I could give him
food and help him with a little bit of money.  I will help him out so he
could succeed in life and be a better person.  Thank You.

Sincerely;

NELSON R TAVAREZ
NOTARY PUBLIC
STATE OF RHODE ISLAND
#24695
MY COMMISSION EXPIRES 07/03/05

FOLD AND REMOVE

**YOUR BANKING**

| ITEM | AMOUNT | DEPOSIT TO ACCT # |
|------|--------|-------------------|
| NET | 810.16 | 552568341 |
| DIR DEP | 50.00 | 356664570 |

**EMPLOYER INFORMATION**

THE RHODE ISLAND EYE INSTITUTE
150 EAST MANNING STREET
PROVIDENCE,RI  02906

PAY PERIOD 08/07/04 TO 08/20/04
CHECK DATE 08/25/04   CHECK # 2627900825

**PERSONAL INFORMATION**

CRISTY GARCIA
PO BOX 40673
PROVIDENCE RI  02940

SS# 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 EMPL# 000292 DEPT# 000100

| EARNINGS | HOURS | RATE | AMOUNT | YTD AMOUNT |
|----------|-------|------|--------|------------|
| REGULAR | 82.00 | 13.500 | 1107.00 | |
| OVERTIME | 3.25 | 20.250 | 65.82 | |

| | | | TOTAL EARNINGS | 1172.82 | 19687.96 |
|---|---|---|---|---|---|

| FILING STATUS | TAX TYPE | AMOUNT | YTD AMOUNT |
|---------------|----------|--------|------------|
| | SOC SEC | 71.16 | 1194.35 |
| | MEDICARE | 16.64 | 279.31 |
| S 00 | FEDERAL | 143.31 | 2392.07 |
| S 00 | RI | 39.22 | 657.61 |
| | DBL | 17.22 | 288.93 |

TOTAL WITHHOLDINGS    287.55    4812.27

| ADJUSTMENTS | | AMOUNT | YTD AMOUNT |
|-------------|--|--------|------------|
| | PRTX MED | 25.11 - | 424.19 - |
| | DIR DEP | 50.00 - | 850.00 - |
| | OT DED | | 34.47 - |

TOTAL ADJUSTMENTS    75.11-

NET PAY                    810.16      13567.03

September 8, 2004


Claritza Jansen
625 Public St. Apt. 101
Providence RI, 02907


Hi I'm Fernando Campana sister,  I work in Paul Arpin Van Line
wich is a storage company, I'm a rating clerk, I do the billing.  I live
with my daughter.  The reason for this letter is that I will take
responsibility of Fernando, with his financial problems, if he comes
out.  I will let him live in my apartment if he needs to.  I will help him
with food or money, untill hes able to work.  He is a nice brother and I
will help him so he could be a better man a life.  Thank You.


Sincerely;

*Claritza Jansen* (signature)



*Nelson Tavarez* (signature)

NELSON R TAVAREZ
NOTARY PUBLIC
STATE OF RHODE ISLAND
#24695
MY COMMISSION EXPIRES 07/03/05

CO.   FILE   DEPT.   CLOCK   NUMBER   016
5FF   990161  001013         0007093575   1



**Earnings Statement**



Period Ending:      07/31/2004
Pay Date:           08/05/2004

Taxable Marital Status:   Single
Exemptions/Allowances.
    Federal:      2
    RI.           2

**CLARITZA MARGARITA JANSEN**
**625 PUBLIC STREET**
**APT. 101**
**PROVIDENCE, RI 02907**

Social Security Number: 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

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 8.5000 | 79.77 | 678.05 | |
| **Gross Pay** | | | **$678.05** | 1,967.85 |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -37.09 | 101.33 |
| | Social Security Tax | -42.04 | 122.01 |
| | Medicare Tax | -9.83 | 28.53 |
| | RI State Income Tax | -12.66 | 35.50 |
| | RI SUI/SDI Tax | -10.17 | 29.52 |
| | **Net Pay** | **$566.26** | |

Your federal taxable wages this period are $678.05

September 8, 2004


Sonia Thomas,
James Thomas
72 Ortoleva Drive
Providence RI, 02909

    Hi I'm Fernando Campana parents Sonia Thomas (mother) and James Thomas (stepfather), and the reason of this letter is that we will take all responsibility of Fernando financial problems if he comes out.  We will give him a house to live in, food and money untill he finds a job so he could take care on his own.  We know he is a nice person and we know that he could do better than that, and we will do our best to help him on anything he needs.  Thank You.


Sincerely;

*Sonia Thomas*

*James Thomas*
*(Step-father)*


*Nelson Tavarez*

**NELSON R TAVAREZ
NOTARY PUBLIC
STATE OF RHODE ISLAND
#24695
MY COMMISSION EXPIRES 07/03/05**

# CITIZENS BANK

**1-800-922-9999**

Call Citizens' PhoneBank anytime for account information,
current rates and answers to your questions.

US002 BR100

**JAMES L THOMAS**
**11 RAUGELY AVE**
**PROVIDENCE RI   02908**

**Savings Account**
Statement

**1** OF **2**

Beginning January 01, 2004
through July 31, 2004

---

## Savings

### SUMMARY

**Balance Calculation**

| | |
|---|---|
| Previous Balance | 549.19 |
| Withdrawals | 3,949.00 - |
| Deposits & Additions | 3,437.70 + |
| Interest Paid | .11 + |
| **Current Balance** | 38.00 = |

**Balance**

| | |
|---|---|
| *Average Daily Balance* | 76.12 |

**Interest**

| | |
|---|---|
| *Current Interest Rate* | .00% |
| *Annual Percentage Yield Earned* | .25% |
| *Number of Days Interest Earned* | 213 |
| *Interest Earned* | .11 |
| *Interest Paid this Year* | .11 |

JAMES L THOMAS
SONIA M THOMAS
**Statement Savings**
47-289475

Previous Balance
549.19

---

### TRANSACTION DETAILS
### Withdrawals
#### ATM/Purchases

| Date | Amount | Description |
|---|---|---|
| 01/02 | 40.00 | ATM Withdrawal - Ri1018 Citizens Washington Pk, Providence R |
| 03/01 | 40.00 | ATM Withdrawal - Ri1145 Citizens Providence Pl 2, Providence |
| 03/01 | 82.00 | ATM Withdrawal - Ri116 1600 Louisquisset Lincoln Ty RI |
| 03/01 | 2.00 | Non-Citizens ATM Fee - Ri116 1600 Louisquisset Lincoln Ty RI |
| 05/03 | 40.00 | ATM Withdrawal - Ri1042 Citizens MT Pleasant 1 Wu, Providenc |
| 05/03 | 500.00 | ATM Withdrawal - Ri1018 Citizens Washington Pk, Providence R |
| 05/04 | 22.00 | ATM Withdrawal - Ri116 1600 Louisquisset Lincoln RI |
| 05/04 | 2.00 | Non-Citizens ATM Fee - Ri116 1600 Louisquisset Lincoln Ty RI |
| 07/06 | 40.00 | ATM Withdrawal - Ri1145 Citizens Providence Pl 2, Providence |
| 07/06 | 60.00 | ATM Withdrawal - Ri1018 Citizens Washington Pk, Providence R |
| 07/06 | 62.00 | ATM Withdrawal - Ri116 1600 Louisquisset Lincoln Ty RI |
| 07/06 | 82.00 | ATM Withdrawal - Ri116 1600 Louisquisset Linciln Ty RI |
| 07/06 | 302.00 | ATM Withdrawal - Ri116 1600 Louisquisset Lincoln Ty RI |
| 07/06 | 2.00 | Non-Citizens ATM Fee - Ri116 1600 Louisquisset Linciln Ty RI |
| 07/06 | 2.00 | Non-Citizens ATM Fee - Ri116 1600 Louisquisset Lincoln Ty RI |

#### Other Withdrawals

| Date | Amount | Description |
|---|---|---|
| 01/02 | 500.00 | Withdrawal |
| 01/30 | 3.00 | Monthly Maintenance Fee |
| 02/03 | 550.00 | Withdrawal |
| 02/27 | 3.00 | Monthly Maintenance Fee |
| 03/03 | 500.00 | Withdrawal |
| 03/31 | 3.00 | Monthly Maintenance Fee |
| 04/05 | 550.00 | Withdrawal |
| 04/30 | 3.00 | Monthly Maintenance Fee |
| 05/28 | 3.00 | Monthly Maintenance Fee |
| 06/07 | 550.00 | Withdrawal |
| 06/30 | 3.00 | Monthly Maintenance Fee |
| 07/30 | 3.00 | Monthly Maintenance Fee |

SOCIAL SECURITY ADMINISTRATION

Date: February 19, 2004
Claim Number: 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A
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DI

JAMES L THOMAS
72 ORTOLEVA DRIVE
PROVIDENCE RI 02909-4910

You asked us for information from your record. The information that you
requested is shown below. If you want anyone else to have this information, you
may send them this letter.

Information About Current Social Security Benefits

Beginning December 2003, the regular monthly
Social Security payment is........................\...$ 601.00

Social Security benefits for a given month are paid the following month. (For
example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.

Information About Supplemental Security Income Payments

Beginning January 2003, the current
Supplemental Security Income payment is...........\...$ 40.35

This payment amount may change from month to month if income or
living situation changes.

Supplemental Security Income Payments are paid the month they are due. (For
example, Supplemental Security Income Payments for March are paid in March.)

Date of Birth Information

The date of birth shown on our records is February 5, 1970.

Medicare Information

You are entitled to hospital insurance under Medicare beginning June 1997.

**W-2 Form #1**

a. Employer's identification number

b. Employer's name, address, and ZIP code
MANPOWER INTERNATIONAL, INC
5301 N IRONWOOD RD

MILWAUKEE    WI   53201

Statutory employee [ ]   Retirement Plan [ ]   Third Party Sick Pay [ ]

e. Employee's name, address, and ZIP code
1H70    1703100    B01 01 04654

SONIA M THOMAS
11 RANGELEY ST
APT 1
PROVIDENCE    RI   02908

1 Wages, tips, other compensation: 362.26
2 Federal income tax withheld: 8.92
5 Medicare wages and tips: 362.26
6 Medicare tax withheld: 5.25

d. Employee's social security number: 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

FORM **W-2** Wage and Tax Statement **2003**

State RI   Employer's state ID number: Applied For   16 State wages, tips, etc: 362.26   17 State income tax

Form W-2 Wage and Tax Statement 2003    Copy B To Be Filed With Employee's FEDERAL Tax Return

---

**W-2 Form #2**

b. Employer's identification number: 39-1836586

c. Employer's name, address, and ZIP code
MANPOWER INTERNATIONAL, INC
5301 N IRONWOOD RD

MILWAUKEE    WI   53201

Statutory employee [ ]   Retirement Plan [ ]   Third Party Sick Pay [ ]

e. Employee's name, address, and ZIP code
1H70    1703100

SONIA M THOMAS
11 RANGELEY ST
APT 1
PROVIDENCE    RI   02908

1 Wages, tips, other compensation: 362.26
2 Federal income tax withheld: 8.92
3 Social security wages: 362.26
4 Social security tax withheld: 22.46
5 Medicare wages and tips: 362.26
6 Medicare tax withheld: 5.25

d. Employee's social security number: 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

FORM **W-2** Wage and Tax Statement **2003**

State RI   Applied For   16 State wages, tips, etc: 362.26   17 State income tax

Form W-2 Wage and Tax Statement 2003    Copy 2 To Be Filed With Employee's State, City or Local Tax Department

---

**W-2 Form #3**

b. Employer's identification number: 39-1836586

c. Employer's name, address, and ZIP code
MANPOWER INTERNATIONAL, INC
5301 N IRONWOOD RD

MILWAUKEE    WI   53201

Statutory employee [ ]   Retirement Plan [ ]   Third Party Sick Pay [ ]

e. Employee's name, address, and ZIP code
1H70    1703100

SONIA M THOMAS
11 RANGELEY ST
APT 1
PROVIDENCE    RI   02908

1 Wages, tips, other compensation: 362.26
2 Federal income tax withheld: 8.92
3 Social security wages: 362.26
4 Social security tax withheld: 22.46
5 Medicare wages and tips: 362.26
6 Medicare tax withheld: 5.25

d. Employee's social security number: 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

FORM **W-2** Wage and Tax Statement **2003**

State RI   Applied For   16 State wages, tips, etc: 362.26   17 State income tax

Form W-2 Wage and Tax Statement 2003    Copy 2 To Be Filed With Employee's State, City or Local Tax Department

---

**W-2 Form #4**

b. Employer's identification number: 39-1836586

c. Employer's name, address, and ZIP code
MANPOWER INTERNATIONAL, INC
5301 N IRONWOOD RD

MILWAUKEE    WI   53201

Statutory employee [ ]   Retirement Plan [ ]   Third Party Sick Pay [ ]

e. Employee's name, address, and ZIP code
1H70    1703100

SONIA M THOMAS
11 RANGELEY ST
APT 1
PROVIDENCE    RI   02908

1 Wages, tips, other compensation: 362.26
2 Federal income tax withheld: 8.92
3 Social security wages: 362.26
4 Social security tax withheld: 22.46
5 Medicare wages and tips: 362.26
6 Medicare tax withheld: 5.25

d. Employee's social security number: 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

FORM **W-2** Wage and Tax Statement **2003**

State RI   Applied For   16 State wages, tips, etc: 362.26   17 State income tax

Form W-2 Wage and Tax Statement 2003



# Plymouth County Correctional Facility

**Account #:** 36143
**Account Name:** CAMPANA-JANSEN, FERNANDO
**Account Type:** I    INMATE CANTEEN ACCOUNTS
**SSN:** 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    **Indigent:** No

## Account History Report

| Post. Date | Post. Time | Type | Trans. # | Ref. # | From/To | Amount | Balance | Booking # | Batch ID |
|---|---|---|---|---|---|---|---|---|---|
| 2004/09/07 | 09:41 | WDCK | 1440249 | 4751 | FERNANDO CAMPANA #44449521 | -$19.79 | $0.00 | 316867 | 09/07/2004CW |
| 2004/08/30 | 14:14 | CNTN | 1437559 | 43433 | OID:100081102-ComisaryPurch-Re | -$37.55 | $19.79 | 316867 | Purch20040830140827 |
| 2004/08/30 | 08:13 | CNTN | 1436569 | 43110 | OID:100080622-ComisaryRefund-R | $1.05 | $57.34 | 316867 | Purch20040830081032 |
| 2004/08/25 | 11:03 | WDCA | 1435926 | | legal mail | -$4.88 | $56.29 | 316867 | POST8/25/04 |
| 2004/08/23 | 14:26 | CNTN | 1434090 | 43010 | OID:100080622-ComisaryPurch-Re | -$40.98 | $61.17 | 316867 | Purch20040823141753 |
| 2004/08/16 | 08:15 | DPMO | 1429615 | 7137407441 | SONYA THOMAS | $100.00 | $102.15 | 316867 | 2MAIL8/13/04 |
| 2004/07/30 | 08:06 | CNTN | 1422550 | 40991 | OID:100074999-ComisaryRefund-R | $1.70 | $2.15 | 316867 | Purch20040730080159 |
| 2004/07/19 | 11:11 | CNTN | 1416287 | 40040 | OID:100074999-ComisaryPurch-Re | -$33.68 | $0.45 | 316867 | Purch20040719110350 |
| 2004/07/06 | 10:22 | CNTN | 1408978 | 39008 | OID:100072819-ComisaryPurch-Re | -$9.75 | $34.13 | 316867 | Purch20040706101931 |
| 2004/07/06 | 08:02 | CNTN | 1408331 | 38670 | OID:100072566-ComisaryRefund-R | $5.05 | $43.88 | 316867 | Purch20040706080139 |
| 2004/06/28 | 14:33 | CNTN | 1405957 | 38627 | OID:100072566-ComisaryPurch-Re | -$29.81 | $38.83 | 316867 | Purch20040628142510 |
| 2004/06/21 | 10:28 | CNTN | 1402059 | 38071 | OID:100071227-ComisaryPurch-Re | -$31.37 | $68.64 | 316867 | Purch20040621102430 |
| 2004/06/14 | 10:25 | CNTN | 1398552 | 37481 | OID:100069785-ComisaryPurch-Re | -$3.25 | $100.01 | 316867 | Purch20040614102125 |
| 2004/06/14 | 08:09 | DPMO | 1397540 | 6447511721 | SONIA THOMAS | $100.00 | $103.26 | 316867 | 20040611MAIL |
| 2004/06/07 | 14:13 | CNTN | 1395350 | 37028 | OID:100069122-ComisaryPurch-Re | -$19.80 | $3.26 | 316867 | Purch20040607140822 |
| 2004/06/01 | 10:27 | CNTN | 1391889 | 36610 | OID:100068554-ComisaryPurch-Re | -$18.89 | $23.06 | 316867 | Purch20040601102258 |
| 2004/05/24 | 13:45 | CNTN | 1388216 | 36063 | OID:100067253-ComisaryPurch-Re | -$20.20 | $41.95 | 316867 | Purch20040524134027 |
| 2004/05/18 | 12:09 | CNTN | 1384931 | 35543 | OID:100066157-ComisaryPurch-Re | -$14.60 | $62.15 | 316867 | Purch20040518120522 |
| 2004/05/13 | 10:18 | DPMO | 1383155 | 6444893676 | SONYA THOMAS | $75.00 | $76.75 | 316867 | 20040513MAIL |
| 2004/05/11 | 08:07 | CNTN | 1381237 | 34994 | OID:100064938-ComisaryPurch-Re | -$15.33 | $1.75 | 316867 | Purch20040511080135 |
| 2004/05/03 | 08:00 | DPMO | 1376381 | 6445913591 | MO'S MUSIC | $17.00 | $17.08 | 316867 | 20040430MAIL3 |
| 2004/04/26 | 14:30 | CNTN | 1373901 | 34022 | OID:100063175-ComisaryPurch-Re | -$6.09 | $0.08 | 316867 | Purch20040426142416 |
| 2004/04/21 | 14:04 | WDCA | 1371973 | | certified mail | -$6.03 | $6.17 | 316867 | 20040421POST |
| 2004/04/21 | 14:03 | WDCA | 1371971 | | mail to Immigration Exex. offi | -$6.03 | $12.20 | 316867 | 20040421POST |
| 2004/04/20 | 10:43 | CNTN | 1370143 | 33448 | OID:100061676-ComisaryPurch-Re | -$11.35 | $18.23 | 316867 | Purch20040420103822 |
| 2004/04/20 | 08:31 | CNTN | 1369378 | 33095 | OID:100060217-ComisaryRefund-R | $1.65 | $29.58 | 316867 | Purch20040420082812 |
| 2004/04/12 | 14:35 | CNTN | 1366652 | 32996 | OID:100061121-ComisaryPurch-Re | -$16.86 | $27.93 | 316867 | Purch20040412143031 |
| 2004/04/09 | 14:16 | WDCA | 1365236 | | certified mail | -$5.34 | $44.79 | 316867 | 20040409POST |

# Account History Report

| Post. Date | Post. Time | Type | Trans. # | Ref. # | From/To | Amount | Balance | Booking # | Batch ID |
|---|---|---|---|---|---|---|---|---|---|
| 2004/04/05 | 14:25 | CNTN | 1362675 | 32495 | OID:100060217-Comisar yPurch-Re | -$26.98 | $50.13 | 316867 | Purch20040405142049 |
| 2004/04/05 | 08:07 | CNTN | 1361563 | 32021 | OID:100057591-Comisar yRefund-R | $3.30 | $77.11 | 316867 | Purch20040405080701 |

PTIONAL FORM 155A, (REV. 6-91)
EPT OF STATE

NSN 7540-01-126-7761

50155-204

# IMMIGRANT VISA AND ALIEN REGISTRATION

**IV-** 44,449521

☐ THE IMMIGRANT HAS BEEN PREVIOUSLY IN THE UNITED STATES

OF:  (Family Name) **JANSEN,** (First Name) (Middle Name)
CAMPANA Y **FERNANDO**

INS FILE #, IF KNOWN

ACTION BY IMMIGRATION INSPECTOR

NYC

JAN 28 1994

IR 2

ADMITTED
UNTIL    #44449521
(CLASS)

THE IMMIGRANT NAMED ABOVE ARRIVED IN THE UNITED STATES VIA (Name of vessel or flight no. of arrival)

*10-902*    *Jan 28, 1994*

CITY AND COUNTRY OF BIRTH

SANTO DOMINGO, DOMINICAN REPUBLIC

CITY AND COUNTRY OF LAST RESIDENCE

SANTO DOMINGO, DOMR

INELIGIBILITY FOR VISA WAIVED UNDER SECTION

☐ 212(e)    ☐ 212(h)
☐ 212(g)    ☐ 212(i)

MO-DAY-YR OF BIRTH
16NOV1979

NATIONALITY
DOMINICAN

| MARITAL STATUS | MOTHER'S FIRST NAME | FATHER'S FIRST NAME |
|---|---|---|
| M ☐ S ☒ W ☐ D ☐ SEP ☐ | SONIA | JOSE |

FINAL ADDRESS IN THE UNITED STATES

STREET ADDRESS, INCLUDE-IN CARE OF & APT# IF APPLICABLE
46 SHERMAN ST

CITY, STATE, AND ZIP CODE
PASSAIC, NJ    07055

SEC. 212(a)(5)(A)
LABOR CERTIFICATION    ☐ NOT APPLICABLE  ☒ NOT REQUIRED  ☐ ATTACHED

OCCUPATION
STC STUDENT

SEX ☒

This visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application. Possession of a visa does not entitle the bearer to enter the United States if at the time he seeks to enter he is found to be inadmissible. Upon arrival in the United States, it must be surrendered to a United States Immigration Officer.

AMERICAN    EMBASSY

AT    SANTO DOMINGO

_Consular Officer of the United States of America_

## IMMIGRANT CLASSIFICATION

CLASSIFICATION SYMBOL
IR2

FOREIGN STATE/OTHER AREA LIMITATION
DOMINICAN REPUBLIC

SDO199185130801 44449521

| ISSUED ON | (Day) | (Month) | (Year) |
|---|---|---|---|
| 20JAN1994 | | | |

THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF

| (Day) | (Month) | (Year) |
|---|---|---|
| 19MAY1994 | | |

### PASSPORT

NO.
0575129-92-032914

OR OTHER TRAVEL DOCUMENTS (Describe)

RESERVED

Tariff No. 21
Fee Paid $ _____
or Local Currency Equivalent

PROCESSED FOR I-551.
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION FOR

**IV-** 44,449521

ACTION OF I.J.    LAWFUL ADMISSION FOR
PERMANENT RESIDENCE
VALID UNTIL
EMPLOYMENT AUTHORIZED

ON APPEAL

U.S.P.H.S.



**RESIDENT ALIEN**

U.S. Department of Justice–Immigration and Naturalization Service

CAMPANA-JANSEN, FERNANDO

NAME
11 16 79

A08 649521

05 17 04

**a** Control number

OMB No. 1545-0008

**b** Employer identification number
05-0473653

**c** Employer's name, address, and ZIP code
Qualified Resources, Inc.
78 Kenwood Street
Cranston RI 02907

| 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|
| 48.00 | |
| 3 Social security wages | 4 Social security tax withheld |
| 48.00 | 2.98 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 48.00 | .70 |
| 7 Social security tips | 8 Allocated tips |

**d** Employee's social security number
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

**e** Employee's name, address, and ZIP code
FERNANDO CAMPANA
14 COLFAX ST., 1/F
PROVIDENCE RI 02905

| 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|
| 11 Nonqualified plans | 12 Benefits included in box 1 |
| 13 | 14 Other |

| 15 Statutory employee | Deceased | Pension plan | Legal rep. | Deferred compensation |
|---|---|---|---|---|

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| RI | 05-0473653 | 48.00 | | RI TDI | 48.00 | .62 |

**Form W-2** Wage and Tax Statement **1999**

Department of the Treasury—Internal Revenue

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return

---

**a** Control number

OMB No. 1545-0008

**b** Employer identification number
05-0473653

**c** Employer's name, address, and ZIP code
Qualified Resources, Inc.
78 Kenwood Street
Cranston RI 02907

| 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|
| 48.00 | |
| 3 Social security wages | 4 Social security tax withheld |
| 48.00 | 2.98 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 48.00 | .70 |
| 7 Social security tips | 8 Allocated tips |

**d** Employee's social security number
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

**e** Employee's name, address, and ZIP code
FERNANDO CAMPANA
14 COLFAX ST., 1/F
PROVIDENCE RI 02905

| 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|
| 11 Nonqualified plans | 12 Benefits included in box 1 |
| 13 | 14 Other |

| 15 Statutory employee | Deceased | Pension plan | Legal rep. | Deferred compensation |
|---|---|---|---|---|

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| RI | 05-0473653 | 48.00 | | RI TDI | 48.00 | .62 |

**Form W-2** Wage and Tax Statement **1999**

Department of the Treasury—Internal Revenue Service

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return

# United States Court of Appeals
## For the First Circuit

---

No. 04-1864

CAMPANA FERNANDO,

Petitioner,

v.

UNITED STATES,

Respondent.

---

ORDER OF COURT

Entered:  August 10, 2004

The motion to proceed in forma pauperis is granted.

By the Court:

Richard Cushing Donovan, Clerk.


By: _____
                     Chief Deputy Clerk.


cc:  Messrs. Campano, Crowley & Ms. Dickson

# Statement of the Facts

With respect to the Massachusetts law.
that paternity needs to be established there are
rules for establishing paternity in a particular proceeding
and the fact that there is a presumption in that
proceeding.

a person born of two people who were not
married at the time who after marry and where the father
as his name on the birth certificate. He is then to be
presumed the father of the child.

the technical issues here whether
Jose Francisco Campana   is the father of
Campana Fernando      but rather whether he has
been legitimated under the laws of either Massachusetts
or Dominican Repulic     so that being the father
is not enough to make him a citizen but neither is being
the father enough to keep him from being a citizen
here it is paperwork or the effect of laws the function
without their being any paperwork

Quoting from G. L. chapter 209 (c) Section (6)
talks about paternity whether by acknowledgment or
by adjudication Section (6) starts with (and it begins
with an action under this chapter, a man is presumed
to be the father of a child and must be joined to the
party if, and then it goes out to delineate the different
circumstances.)

In Section (1) children born to parents who
are not married to each other shall be entitled to the
same rights and protections of the law as all other
children. this is the statement of the policy of the
State of Massachusetts.

The next sentence says. (it is the purpose
of this chapter to establish a means for such children
either to be acknowledged by their parents voluntarily
or on complaint by one or the other parents or
such other person or agency as is filed, to file
a complaint and so on.)

1

(ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

#### (C) Orders against criminal aliens

Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

### (3) Treatment of certain decisions

No alien shall have a right to appeal from a decision of an immigration judge which is based solely on a certification described in section 1229(a)(1)(B) of this title.

## (b) Requirements for review of orders of removal

With respect to review of an order of removal under subsection (a)(1) of this section, the following requirements apply:

### (1) Deadline

The petition for review must be filed not later than 30 days after the date of the final order of removal.

### (2) Venue and forms

The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. The record and briefs do not have to be printed. The court of appeals shall review the proceeding on a typewritten record and on typewritten briefs.

### (3) Service

#### (A) In general

The respondent is the Attorney General. The petition shall be served on the Attorney General and on the officer or employee of the Service in charge of the Service district in which the final order of removal under section 1229a of this title was entered.

#### (B) Stay of order

Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise.

#### (C) Alien's brief

The alien shall serve and file a brief in connection with a petition for judicial review not later than 40 days after the date on which the administrative record is available, and may serve and file a reply brief not later than 14 days after service of the brief of the Attorney General, and the court may not extend these deadlines except upon motion for good cause shown. If an alien fails to file a brief within the time provided in this paragraph, the court shall dismiss the appeal unless a manifest injustice would result.

### (4) Scope and standard for review

Except as provided in paragraph (5)(B)—

(A) the court of appeals shall decide the petition only on the administrative record on which the order of removal is based;

(B) the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary;

(C) a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law; and

(D) the Attorney General's discretionary judgment whether to grant relief under section 1158(a) of this title shall be conclusive unless manifestly contrary to the law and an abuse of discretion.

### (5) Treatment of nationality claims

#### (A) Court determination if no issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

#### (B) Transfer if issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of

the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

### (C) Limitation on determination

The petitioner may have such nationality claim decided only as provided in this paragraph.

### (6) Consolidation with review of motions to reopen or reconsider

When a petitioner seeks review of an order under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order.

### (7) Challenge to validity of orders in certain criminal proceedings

#### (A) In general

If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.

#### (B) Claims of United States nationality

If the defendant claims in the motion to be a national of the United States and the district court finds that—

(i) no genuine issue of material fact about the defendant's nationality is presented, the court shall decide the motion only on the administrative record on which the removal order is based and the administrative findings of fact are conclusive if supported by reasonable, substantial, and probative evidence on the record considered as a whole; or

(ii) a genuine issue of material fact about the defendant's nationality is presented, the court shall hold a new hearing on the nationality claim and decide the claim as if an action had been brought under section 2201 of Title 28, United States Code.

The defendant may have such nationality claim decided only as provided in this subparagraph.

436

---

#### (C) Consequence of invalidation

If the district court rules that the removal order is invalid, the court shall dismiss the indictment for violation of section 1253(a) of this title. The United States Government may appeal the dismissal to the court of appeals for the appropriate circuit within 30 days after the date of the dismissal.

#### (D) Limitation on filing petitions for review

The defendant in a criminal proceeding under section 1253(a) of this title may not file a petition for review under subsection (a) of this section during the criminal proceeding.

### (8) Construction

This subsection—

(A) does not prevent the Attorney General, after a final order of removal has been issued, from detaining the alien under section 1231(a) of this title;

(B) does not relieve the alien from complying with section 1231(a)(4) of this title and section 1253(g) of this title; and

(C) does not require the Attorney General to defer removal of the alien.

### (9) Consolidation of questions for judicial review

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

## (c) Requirements for petition

A petition for review or for habeas corpus of an order of removal—

(1) shall attach a copy of such order, and

(2) shall state whether a court has upheld the validity of the order, and, if so, shall state the name of the court, the date of the court's ruling, and the kind of proceeding.

## (d) Review of final orders

A court may review a final order of removal only if—

(1) the alien has exhausted all administrative remedies available to the alien as of right, and

(2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial

437

No. 04-1864

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

CAMPANA FERNANDO
A44 449 521,
Petitioner,

v.

UNITED STATES,

Respondent.

---

STATUS REPORT

---

Pursuant to this Court's September 1, 2004 order, the United States submits this report pertaining to Petitioner's status.

On July 13, 2004 the Court ordered the Government to file the administrative record in this case on August 23, 2004.

On July 23, 2004, the Court denied Fernando's request for a stay of removal.

On August 20, 2004 Respondent filed a motion for extension of time until November 22, 2004 to file the administrative record in this case. Due to an oversight, the

motion incorrectly stated that Fernando was not in detention when, in fact he was. Fernando currently remains in detention.

In its motion for extension the Government also stated that Fernando was not currently scheduled for removal. That statement was completely accurate. Nevertheless, because the Court had previously denied Fernando's request for a stay of removal, the Bureau of Immigration Customs Enforcement (ICE) was actively engaged in obtaining travel documents for Fernando to remove him from the United States. On August 24, 2004, the date that the Court granted the Government's motion for extension, the ICE district counsel's office in Boston contacted the undersigned attorney and requested that he notify the Court that the Agency had obtained the necessary travel documents and intended to remove Fernando on or after September 8, 2004. Undersigned counsel filed the notice of intent with the Court on August 26, 2004.

Fernando is scheduled to be removed on September 11, 2004.

Following receipt of the Court's order on September 1, 2004, undersigned counsel immediately put in an urgent request to the Executive Office of Immigration Review (EOIR) to prepare

2

the administrative record on an expedited basis so that it may
be filed, in accordance with the Court's order, on September
7, 2004.  Counsel does not know if EOIR will be able to
prepare the record in time for filing by the required due
date.

                                         Respectfully submitted,

                                         PETER D. KEISLER
                                         Assistant Attorney General
                                         Civil Division

                                         LINDA S. WERNERY
                                         Senior Litigation Counsel
                                         Office of Immigration Litigation

                                         LYLE D. JENTZER
                                         Attorney
                                         Office of Immigration Litigation
                                         Civil Division
                                         U.S. Department of Justice
                                         Ben Franklin Station
                                       Post Office Box 878
                                       Washington, D.C. 20044
                                       Telephone:  (202) 305-0192

Dated: September 1, 2004       Attorneys For Respondent

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August 2004, I served a copy of the Respondent's **Notice of Intent to Remove** on the Petitioner by placing it in the Department of Justice mail room for same-day pick-up to:

Campana Fernando
Plymouth House of Correction
26 Long Pond Road
Plymouth, MA 02360

_____
LYLE D. JENTZER

Dated: September 1, 2004