UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
FERNANDO CAMPANA,              )
                               )
         Petitioner            )
                               )     Civil Action No.
     v.                        )     04cv12085-JLT
                               )
JOHN ASHCROFT, ET AL.,         )
                               )
                               )
         Respondents[1]        )
```

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS,
AND NOTICE OF INTENT TO EXECUTE REMOVAL ORDER ON **OCTOBER 11, 2004**

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of the Dominican Republic presently detained by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security ("ICE", "DHS") pending execution of his final order of removal. His petition to this Court asserts prolonged post-order detention in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity or enforceability of his final order of removal, but only his continuing detention, because he says his removal to the Dominican Republic "is not reasonably foreseeable." Petition for Writ of Habeas Corpus, p. 5. However, because petitioner's removal has now been scheduled for **October 11, 2004**, execution of the removal order and

petitioner's release from custody are now "reasonably foreseeable".

Accordingly the case should be dismissed for failure to state a claim upon which relief may be granted.

**ARGUMENT**

I. BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON **October 11, 2004**, THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of his order of removal, nor the enforceability of it, in his habeas corpus petition (though he currently has a direct petition for review of his removal order before the First Circuit Court of Appeals). See Fernando v. Ashcroft, No. 04-1864 (1st Cir. filed 2004).[2] Rather, he complains about the length of his detention by DHS awaiting the completion of necessary arrangements for his removal. However, because petitioner's removal is now scheduled for a date certain just 11 days from now (**October 11, 2004**), petitioner fails to state a colorable claim of unlawful detention.

The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform

---

[1] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").
[2] The First Circuit denied petitioner's request for stay of removal in that case on July 23, 2004.

administration in the federal courts, we recognize that period". Id. at 2505.  The Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), aff'd 341 F.3d 853 (9th Cir. 2003), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden.  While an alien's detention will no longer

be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, the necessary travel documents have now been received, and petitioner is now scheduled for removal on **October 11, 2004**. Accordingly, there is necessarily a "significant likelihood of removal in the reasonably foreseeable future", and the petition fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of petitioner's removal scheduled for **October 11, 2004**.

### CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  <u>s/Frank Crowley</u>
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on September 30, 2004.

        s/Frank Crowley
        FRANK CROWLEY
        Special Assistant U.S. Attorney
        Department of Homeland Security
        P.O. Box 8728
        J.F.K. Station
        Boston, MA 02114