UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAMPANA FERNANDO,
          Petitioner,

v.

JOHN ASHCROFT, et al.,
          Respondents.

CIVIL ACTION
NO. 04-12085-JLT

MEMORANDUM AND ORDER

TAURO, D. J.

For the reasons stated below, this habeas petition is dismissed without prejudice.

BACKGROUND

On September 28, 2004, the United States Court of Appeals for the First Circuit transferred a petition for a writ of habeas corpus filed by Campana Fernando,[1] an immigration detainee and a native of the Dominican Republic, to this Court because the petition challenged Fernando's current detention at the Plymouth County Correctional Facility pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). Fernando previously filed an action seeking a stay of removal in this Court in June 2004, and I transferred that action to the First Circuit because it appeared that Fernando was challenging a May 21, 2004 decision of the Board of Immigration Appeals affirming his removal. See Fernando v. ICE, C.A. No. 04-11443-JLT. The First Circuit treated the documents as a petition for judicial review of a BIA decision, and it appears that the petition is still pending in that court. See 04-1864.

Counsel for the Department of Homeland Security has orally informed a deputy clerk of this Court that Fernando is scheduled to be removed on October 11, 2004. A review of Fernando's previous filings and the docket of his First Circuit petition for judicial

---

[1] It is not entirely clear whether Fernando is petitioner's first or last name, and the documents submitted by petitioner appear to refer to petitioner using both names interchangeably. Because petitioner has signed his petition using the last name "Fernando," I refer to him by that surname.

review indicates that Fernando previously was scheduled to be removed on September 8 or 11th,[2] but apparently was not removed. See 04-1864 (9/1/04 Docket Entry). Fernando did not pay the $5 filing fee for this action or submit an application to proceed without prepayment of fees.

## ANALYSIS

I. Petitioner Has Not Paid the Filing Fee or Sought a Waiver of It

A party filing a petition for a writ of habeas corpus in this Court must either (1) pay the $5 filing fee for habeas actions or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee. Because this action appears ripe for dismissal, I will not grant Fernando additional time to pay the filing fee or submit an application to proceed without prepayment of the filing fee.

II. The Petition Is Subject to Dismissal

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2).[3] Section 1231 also provides that if removal is

---

[2] When Fernando filed C.A. No. 04-11443, he was scheduled to be removed on June 30. I granted him a 14-day stay of removal so that the action could be transferred to the First Circuit. That court temporarily extended the stay until July 23, 2004 to allow Fernando more time to file a motion for a stay, and subsequently denied Fernando's motion for a stay. No. 04-1864 (7/23/04 Docket Entry).

[3] Although Fernando brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001). Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including those found to be inadmissible or convicted of certain crimes, may continue to be detained after the 90-day removal period. Id. § 1231(a)(3), (6).  It appears that the basis for Fernando's removal was a finding that he was inadmissible because he had been previously removed based on a drug offense. See C.A. No. 04-11443-JLT (Memorandum of Law in Support of Motion to Dismiss).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  Id. 533 U.S. at 701.  If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances."  Id. at 699-700.  Where removal is imminent, due process is not implicated and an alien has failed to state a Zadvydas claim for relief. Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003).

Under this formulation, an alien being held pursuant to Section 1231(a)(6) cannot assert a Zadvydas due process claim if he has been detained for less than six-months. See Hodel v. Aguirre, 260 F. Supp. 2d 695, 699 (N.D. Ill. 2003) (Zadvydas not implicated where criminal alien held less than 6-months).  Similarly, where removal is imminent, due process is not implicated and an alien also has failed to state a Zadvydas claim for relief. Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003).

Here, it seems that petitioner has been held for a post-removal period of less than 6-months because it appears that his removal order became "final" on or about June 21,

2004.[4]  Hodel, 260 F. Supp. 2d at 699.  Moreover, Fernando's removal appears to be imminent.  Thus, this petition for a writ of habeas corpus must be dismissed.  See Wang, 320 F.3d at 145.  However, this dismissal is without prejudice to its re-filing by petitioner if his removal is not effected as planned.

## CONCLUSION

ACCORDINGLY, this habeas petition will be dismissed without prejudice for the reasons stated above.

SO ORDERED.


9/30/2004              s/ Joseph L. Tauro
DATE                   UNITED STATES DISTRICT JUDGE

---

[4] Section 1231 provides that the removal period commences the later of three events, including the date the order of removal becomes administratively final.  8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 241.1(a) (order of removal becomes final upon dismissal of an appeal by the Board of Immigration Appeals).